UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

FILED

2011 APR 21  A 10: 38

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| MARGARET HUGHES and RANDALL BOONE, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., and VB VERIZON SVC. ORGANIZATION, INC.,<br><br>Defendants. | Case No.: 1:11cv430(LMB/JFA)<br><br>COLLECTIVE ACTION COMPLAINT<br>(JURY TRIAL DEMANDED) |

Margaret Hughes and Randall Boone ("Plaintiffs"), individually and on behalf of other similarly situated individuals, for their Complaint against Verizon Communications, Inc., and VB Verizon Svc. Organization, Inc. ("Defendants"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for Defendants' failure to pay Plaintiffs and other similarly situated employees overtime pay. Plaintiffs bring their FLSA claims in a representative capacity.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331, as this action asserts claims arising under federal law, the FLSA, 29 U.S.C. § 201, et seq.

3. Venue is proper in the United States District Court, Eastern District of Virginia, pursuant to 28 U.S.C. § 1391, because Defendants reside in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

4.    Defendant Verizon Communications, Inc. is a Delaware corporation with its principal place of business in New York, New York. Defendant VB Verizon Svc. Organization, Inc., is upon information and belief, a division of Verizon Communications, Inc. Upon information and belief, Defendants provide broadband and other wireless communication services to mass market, business, government, and wholesale customers. Defendants maintain offices throughout the United States, including an office in Ashburn, Virginia. Defendants are employers as defined by 29 U.S.C. § 203(d).

6.    Defendants maintained control, oversight, and direction over the operation of their facilities, including the employment practices at these facilities.

7.    Defendants employed Plaintiffs and those similarly situated, to perform work in the State of Virginia and in other states in the United States.

8.    At all relevant times, Defendants have employed individuals engaged in interstate commerce and/or engaged in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. Upon information and belief, Defendants' gross annual sales made or business done has been $500,000 or greater at all relevant times.

9.    Margaret Hughes ("Plaintiff Hughes") is an adult resident of the State of Virginia. Defendants employed Plaintiff Hughes from approximately June 2008 to March 2010 at their Ashburn, Virginia location. Specifically, Defendants employed Plaintiff Hughes in their Business Solutions Group, as an Inside Sales Representative, from approximately June 2008 to July 2009, and then as an Online Sales Representative, from approximately July 2009 to March 2010. Plaintiff Hughes was Defendants' "employee" as defined by 29 U.S.C. § 203(e)(1).

10.   Randall Boone ("Plaintiff Boone") is an adult resident of the State of Virginia.

2

Defendants employed Plaintiff Boone from approximately May 2008 to December 2010 at their Ashburn, Virginia location. Specifically, Defendants employed Plaintiff Boone in their Business Solutions Group as an Inside Sales Representative, from approximately May 2008 to July 2009, and then as an Online Sales Representative, from approximately July 2009 to December 2010. Plaintiff Boone was Defendants' "employee" as defined by 29 U.S.C. § 203(e)(1).

11. Pursuant to 29 U.S.C. § 216(b), Plaintiffs consent to bring overtime claims against Defendants by filing their written consent with this Court. (See Ex. A.) In addition, to date, one other Plaintiff has also consented to bring overtime claims against Defendants by filing her consent form with this Court. (See Ex. B) As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

12. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiffs and those similarly situated are employees who, at any time during the past three years:

> (a) were employed by Defendants in their Business Solutions Group in non-supervisory positions that involved selling Defendants' products and/or services from inside of the office; and
>
> (b) were paid on a salary plus commissions compensation structure.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

13. Plaintiffs and those similarly situated, allege and incorporate by reference the allegations in the preceding paragraphs.

14. Defendants are in the business of, among other things, selling communication services to businesses.

15. During the applicable statutory period, Plaintiffs, and those similarly situated, held non-supervisory positions in Defendants' Business Solutions Group, and were responsible

for selling Defendants' products and/or services from inside of the office. They sold items such as T-1 service, and voice and long distance data packages to small business customers.

16. Defendants paid Plaintiffs, and those similarly situated, on a salary plus commissions compensation structure. Upon information and belief, a majority of these employees' income was paid by Defendants in the form of a base salary.

17. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

18. Upon information and belief, Plaintiffs and those similarly situated, did not qualify as exempt from FLSA protections. Their primary responsibility was to sell Defendants' products and/or services from inside of the office, they were non-supervisory employees, and the majority of the compensation they received was in the form of a salary, and not commissions.

19. Defendants routinely suffered and permitted Plaintiffs, and the similarly situated individuals, to work more than forty (40) hours per week without paying them proper compensation for their overtime hours worked.

20. Defendants were aware, or should have been aware, that Plaintiffs and the similarly situated individuals performed work that required payment of overtime compensation. Defendants set production quotas and required these individuals to work long hours, including overtime hours, to complete all of their job responsibilities and to meet or exceed their goals. Plaintiffs and those similarly situated worked those hours, and Defendants did not pay them proper overtime pay.

21. Plaintiffs' supervisors knew that Plaintiffs, and those similarly situated, were working these hours because they were often present during those hours.

22. In addition, Plaintiffs, and those similarly situated, complained to management on numerous occasions about the fact that they were working overtime hours and not being properly compensated for those hours. They also complained to management that they were routinely unable to meet Defendants' required production quotas without working over forty hours per week.

23. Plaintiff Hughes complained to the Director of her department, Steve Thompson, about the excess overtime hours she and her colleagues were working to hit their quotas. She and her colleagues also complained to their manager, Derrick Kemp, several times about not getting paid for overtime hours worked. At one point, he responded that Plaintiff Hughes should direct any complaints she had to Defendants' Human Resources Department.

24. In approximately January 2010, Plaintiff Hughes complained to Defendants' Human Resources Department regarding several issues, including a complaint about the overtime hours she was working and Defendants' failure to pay her for those hours worked. Human Resources responded that because the sales quotas were based on a forty hour workweek, Plaintiff Hughes was not entitled to be paid for overtime hours worked.

25. After Plaintiff Hughes' repeated complaints to Defendants about not being compensated for her overtime hours worked, Defendants finally paid her for some of the overtime hours that she had documented that she worked. However, Defendants refused to pay her for all of her overtime hours worked.

26. Plaintiff Boone contacted his Director, and also Defendants' Human Resources Department, in an effort to get paid for the overtime hours he worked. Defendants refused to pay him for those hours absent Plaintiff Boone providing documentation proving the overtime hours he worked. However, Plaintiff Boone did not keep documentation of all his hours worked.

27. Upon information and belief, although they had a legal obligation to do so, Defendants failed to make, keep, and preserve records of the hours worked by Plaintiffs and those similarly situated.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

29. There are numerous similarly situated individuals that are or were employed by Defendants who have also been denied overtime compensation in violation of the FLSA. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent. Those similarly situated employees are known to Defendants and readily identifiable through Defendants' records.

## COUNT I

**Failure to Pay Overtime in Violation of the Fair Labor Standards Act**

30. Plaintiffs and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

31. Plaintiffs seek to certify a collective action consisting of all individuals who, at any time during the past three years:

>  (a) were employed by Defendants in their Business Solutions Group in non-supervisory positions that involved selling Defendants' products and/or services from inside of the office; and
>
>  (b) were paid on a salary plus commissions compensation structure.

32. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) per

workweek.

33. Plaintiffs and those similarly situated are employees entitled to overtime compensation for all hours worked in excess of forty (40) per workweek.

34. Plaintiffs and those similarly situated routinely worked in excess of forty (40) hours per week and did not receive overtime compensation from Defendants.

35. In denying overtime compensation for all of the overtime hours Plaintiffs and the similarly situated employees worked, Defendants violated the FLSA.

36. By failing to record, report, and/or preserve records of overtime hours worked by Plaintiffs and those similarly situated, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 255(a).

37. The conduct alleged in the Complaint, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

38. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and those similarly situated have suffered, and will continue to suffer, a loss of income and other damages. Plaintiffs and those similarly situated are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, pray for judgment against Defendants as follows:

    A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendants for violation of the overtime provisions of the FLSA;

D. Judgment that Defendants' actions as described above were willful;

E. An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed and liquidated damages;

F. An award of prejudgment interest to the extent liquidated damages are not awarded;

G. An award of reasonable attorneys' fees and costs;

H. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Dated: April 20, 2011.

Respectfully Submitted,
Plaintiffs Margaret Hughes and Randall Boone on behalf of themselves and those similarly situated,
*By Counsel*

_____
R. Scott Oswald, Esq.
VSB# 41770
Counsel for the Plaintiffs
Nicholas Woodfield, Esq.
VSB# 48938
Counsel for the Plaintiffs
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com


ATTORNEYS FOR PLAINTIFFS
AND THOSE SIMILARLY SITUATED